B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|
| **PLAINTIFFS**<br><br>M. Randy Rice, Trustee<br>124 W. Capitol Ave., #1850<br>Little Rock, AR 72201 | **DEFENDANTS**<br>Logan R. Riffenburg<br>390 Haywood Lane<br>Mountain View, AR 72560<br><br>Claudia L. Riffenburg<br>390 Haywood Lane<br>Mountain View, AR 72560 |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>M. Randy Rice<br>Rice Law Office<br>523 S. Louisiana, #300<br>Little Rock, AR 72201<br>(501) 374-1019 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [ ] Other<br>[✓] Trustee | **PARTY** (Check One Box Only)<br>[ ] Debtor  [ ] U.S. Trustee/Bankruptcy Admin<br>[ ] Creditor  [✓] Other<br>[ ] Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUES INVOLVED)
Trustee is requesting that this Court set aside fraudulent conveyance and orders the trustee to sell real property, free and clear of liens in accordance with 11 U. S. C. § 548 and 11 U. S. C. § 363.

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) - Recovery of Money/Property**
[ ] 11-Recovery of money/property - §542 turnover of property
[ ] 12-Recovery of money/property - §547 preference
[1] 13-Recovery of money/property - §548 fraudulent transfer
[ ] 14-Recovery of money/property - other

**FRBP 7001(2) - Validity, Priority or Extent of Lien**
[ ] 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) - Approval of Sale of Property**
[2] 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) - Objection/Revocation of Discharge**
[ ] 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) - Revocation of Confirmation**
[ ] 51-Revocation of confirmation

**FRBP 7001(6) - Dischargeability**
[ ] 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
[ ] 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
[ ] 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

(continued next column)

**FRBP 7001(6) - Dischargeability (continued)**
[ ] 61-Dischargeability - §523(a)(5), domestic support
[ ] 68-Dischargeability - §523(a)(6), willful and malicious injury
[ ] 63-Dischargeability - §523(a)(8), student loan
[ ] 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
[ ] 65-Dischargeability - other

**FRBP 7001(7) - Injunctive Relief**
[ ] 71-Injunctive relief - imposition of stay
[ ] 72-Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
[ ] 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
[ ] 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
[ ] 01-Determination of removed claim or cause

**Other**
[ ] SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.
[ ] 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| [ ] Check if this case involves a substantive issue of state law | [ ] Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| [ ] Check if a jury trial is demanded in complaint | Demand $ |
| Other Relief Sought | |

B1040 (FORM 1040) (12/15)

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES ||||
|---|---|---|---|
| **NAME OF DEBTOR:** Billy Joe Roper Jr. & Vanessa Gabrielle Roper ||| **BANKRUPTCY CASE NO.** 4:23-bk-10768T |
| **DISTRICT IN WHICH CASE IS PENDING** Eastern District of Arkansas || **DIVISION OFFICE** CENTRAL DIVISION | **NAME OF JUDGE** Honorable Richard Taylor |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** ||||
| PLAINTIFF | DEFENDANT || ADVERSARY PROCEEDING NO. |
| | |||
| DISTRICT IN WHICH ADVERSARY IS PENDING || DIVISION OFFICE | NAME OF JUDGE |
| | |||
| SIGNATURE OF ATTORNEY (OR PLAINTIFF) /s/ M. Randy Rice  M. Randy Rice ||||
| DATE 04/14/2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF) M. Randy Rice |||

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Re:   Billy Joe Roper, Jr.  and                                  Case No. 4:23-bk-10768T
      Vanessa Gabrielle Roper,  Debtors                              Chapter 7

M. Randy Rice, Trustee                                                       Plaintiff

v.                                             ap. 4:22-ap-

Logan R. Riffenburg and                                                    Defendants
Claudia L. Riffenburg

### COMPLAINT TO SET ASIDE FRAUDULENT CONVEYANCE AND TO SELL REAL PROPERTY, FREE AND CLEAR OF LIENS, CLAIMS AND INTERESTS OF DEFENDANTS

Plaintiff, M. Randy Rice, trustee of the above named debtors' estate, hereby requests this Court to set aside the conveyance of real property made by the joint debtor, Vanessa Gabrielle Roper and separate defendant, Logan R. Riffenburg to separate defendant, Claudia L. Riffenburg. Plaintiff further requests that this Court orders the sale of said property, free and clear of all interest and claims of the defendants. In support of this complaint, Plaintiff states as follows:

1. On or about March 16, 2023, Billy Joe Roper, Jr. and Vanessa Gabrielle Roper filed a chapter 7 bankruptcy proceeding. The plaintiff was appointed trustee of this estate on or about that same date. It is his capacity as trustee that these causes of actions are brought.

2. Separate defendant Claudia L. Riffenburg (hereafter referred to as "Claudia") is a resident of Stone County, Arkansas. Claudia is the eldest daughter of joint debtor and Logan R. Riffenburg.

3. Separate defendant Logan R. Riffenburg (hereafter referred to as "Logan") is the ex-

husband of the joint debtor, Vanessa Gabrielle Roper (hereafter referred to as "Vanessa").

4.      This is a core proceeding and the Court has jurisdiction under 28 U. S. C. §§ 157(b)(2) (I) and 1334, 11 U. S. C. § 363, 11 U. S. C. § 548 and 11 U. S. C. § 551.

5.      This is a proceeding to avoid the transfer of real property from Vanessa and Logan to Claudia within two (2) years of the bankruptcy filing. This is an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001. Plaintiff seeks to set aside fraudulent conveyance in accordance with 11 U. S. C. S. § 548(a)(1)(A) and (B). Plaintiff further request authority to sell the defendants' interest in the realty described below, free and clear of all liens, interests and claims in accordance with 11 U. S. C. S. § 363.

6.      Logan and Vanessa were married on or about April 4, 1997. On or about August 9, 2021, during the time that they were married, Logan and Vanessa Riffenburg purchased an eighty (80) acre tract of real property located in Stone County, Arkansas. The legal description of the real property is as follows:

> NE 1/4 NE 1/4; Section 23, Township 13 North, Range 9 West and SE 1/4 SE 1/4; Section 14, Township 13 North, Range 9 West, Stone County, Arkansas.
>
> **MINERAL CONVEYANCE: Notwithstanding anything contained herein to the contrary, Grantor makes no warranties or representations whatsoever regarding any mineral rights associated with the Property. To the extent Grantor owns any mineral rights associated with the Property, the same are conveyed to Grantee by quitclaim and without any warranty of title. The Property is expressly subject to any prior or existing mineral rights or reservations owned or enjoyed by third parties.**
>
> Also known as 390 Haywood Lane, Mountain View, AR 72560

7.      Logan and Vanessa paid a sum of $187,900.00 for the property described above. Attached and labeled as "Exhibit 1" is a copy of a Warranty Deed transferring the real property to Vanessa and Logan. The deed reflects that Vanessa and Logan were husband and wife at the time

2

that they purchased the real property outlined above.

8. Vanessa obtained a Decree of Divorce from Logan on June 23, 2022. Attached and labeled as "Exhibit 2" is a filed marked copy of the Divorce Decree that was entered of record in Stone County, Arkansas. The Divorce Decree contained a property settlement that was incorporated and adopted therein. On page 3 of the Divorce Decree, the property settlement agreement states that "The parties are owners of real property located at 390 Haywood Lane, Mountain View, Arkansas. This real property shall become the sole property of Claudia L. Riffenburg". As stated earlier, the Divorce Decree was filed of record on June 23, 2022, in Stone County Circuit Court. The Divorce Decree has not been filed in the real property records section of Stone County as of today's date. Nevertheless, plaintiff asserts that Claudia may assert an interest in the real property based upon the Divorce Decree.

9. Claudia did not give any consideration to Vanessa or Logan for the transfer of the real property described above. Furthermore, Vanessa became insolvent as a result of the transfer.

## COUNT 1 SET ASIDE TRANSFERS TO CLAUDIA

10. The value of the real property described above was at least $187,900.00 at the time of the transfer. Vanessa received no money or anything of value from Claudia at the time of the transfer.

11. Vanessa was insolvent at the time that this transfer was made and\or the transfer of the property caused her to become insolvent. Prior to the transfer, Vanessa owned a one-half (½) interest in an eighty (80) acre tract of real property with a total value in excess of $187,900.00. After the transfer, she only owned personal property totaling $4,600.00 of which she claimed all as exempt. The debtor disclosed that she owed $21,136.81 in unsecured debt at the time she filed her bankruptcy petition, the majority of which was incurred prior to the transfer.

3

12. There was no perfected secured debt owed on any of the real property at the time that it was transferred to Claudia. The purpose of this transfer was to hinder, delay, or defraud creditors of this bankruptcy estate. Initially, Vanessa stated, under oath, at the creditors' meetings that she had not transferred property to any party within three (3) years of filing. After being confronted by the trustee with a copy of the Divorce Decree, Vanessa confirmed the transfer.

13. Claudia was an insider of Vanessa at the time that the transfer described above was made.

14. Plaintiff request that this Court avoids all claims and interest that Claudia may assert in the real property described herein and in the proceeds received from the sale of said real property.

## COUNT II-SELL REAL PROPERTY DESCRIBED ABOVE, FREE AND CLEAR OF ALL LIENS, CLAIMS AND INTEREST OF DEFENDANTS

15. Plaintiff request that this Court orders the real property described above to be sold, free and clear of all liens, claims and interest of the defendants. Plaintiff further requests that all proceeds received from the sale of the above described real property, be paid to the debtors' estate.

16. Plaintiff asserts that the title to the real property is in bonafide dispute and that the sale of said property is the only manner in which the estate may recognize and receive the value of its interest in the same. Logan may assert a titled interest in the real property. He has not deeded his interest to Claudia, as yet. If some interest in the property vests in Logan after the transfer is avoided, the property should be sold under 11 U. S. C. § 363 (h) because the benefit of the sale of the whole property outweighs any detriment that Logan may experience. Further, the sale of the property in its entirety will generate significantly more money than the sale of the estate's interest only.

17. Plaintiff asserts that the estate is entitled to one-half (½) of the proceeds after deduction of costs, fees and expenses.

4

**WHEREFORE**, the plaintiff prays that this Court finds and orders as follows:

1.  That the transfer of real property described above by Vanessa Gabrielle Roper and separate defendant, Logan R. Riffenburg, to the defendant, Claudia L. Riffenburg, was a fraudulent conveyance and orders that said fraudulent conveyance be avoided. Plaintiff further prays that the voided transfer be preserved for the benefit of this bankruptcy estate.

2.  That the real property described above be sold, free and clear of all liens, claims and interests of all defendants with all liens, claims and interests attaching to the proceeds of the sale.

3.  That all proceeds from the sale of the above described realty, after payment of fees, expenses and closing costs of sale, be paid to the debtors' estate.

4.  That one-half (½) of the net proceeds of the sale of said real property, after the deductions for all fees and costs be retained by the bankruptcy estate for the purpose of distribution to administrative priority and unsecured creditors in accordance with the Bankruptcy Code.

5.  That this Court orders and instructs the plaintiff to distribute the remaining one-half (½) of the proceeds of the sale to Logan and Claudia and for all other relief which the estate and the defendants may be entitled.

Date  April 14, 2023

Respectfully Submitted:

/s/ M. Randy Rice, Trustee
124 W. Capitol Ave. #1850
Little Rock, AR 72201
randyrice2@comcast.net
(501) 374-1019

5



L202102252
STONE CO, AR FEE $25.00
PRESENTED: 08-09-2021 02:58:05 PM
RECORDED: 08-09-2021 02:58:05 PM
ANGIE HUDSPETH-WADE
COUNTY AND CIRCUIT CLERK
BY: TERRA HILTON
DEPUTY CLERK

BK: DEED 203
PG: 168-170



EXHIBIT 1

**MAIL TAX STATEMENT TO:**
M/M Logan Riffenburg
390 Naywood Lane
Mountain View, AR 72560

# WARRANTY DEED
## MARRIED PERSONS

**Know All Men By These Presents:**

THAT WE, TOMMY C. BASER AND TERRI J. BASER, HUSBAND AND WIFE, GRANTORS, for and in consideration of the sum of ONE HUNDRED EIGHTY SEVEN THOUSAND NINE HUNDRED AND 00/100 DOLLARS ($187,900.00), in hand paid by LOGAN RIFFENBURG AND VANESSA RIFFENBURG, HUSBAND AND WIFE, GRANTEES, the receipt of which is hereby acknowledged, hereby grant, bargain, sell and convey unto the said GRANTEES, and unto their heirs and assigns forever, the following lands lying in Stone County, Arkansas:

NE1/4 NE1/4; Section 23, Township 13 North, Range 9 West and SE1/4 SE1/4; Section 14, Township 13 North, Range 9 West, Stone County, Arkansas.

**MINERAL CONVEYANCE: Notwithstanding anything contained herein to the contrary, Grantor makes no warranties or representations whatsoever regarding any mineral rights associated with the Property. To the extent Grantor owns any mineral rights associated with the Property, the same are conveyed to Grantee by quitclaim and without any warranty of title. The Property is expressly subject to any prior or existing mineral rights or reservations owned or enjoyed by third parties.**

To have and to hold the same unto the said GRANTEES and unto their heirs and assigns forever, with all appurtenances thereunto belonging.

And we hereby covenant with said GRANTEES that we will forever warrant and defend the title to the said lands against all claims whatever with the exception of any oil, gas, mineral,

and royalty rights which are conveyed herein but GRANTORS make no warranties as to their ownership.

And we, the GRANTORS, for and in consideration of the said sum of money, do hereby release and relinquish unto the said GRANTEES all our rights of dower, curtesy and homestead in and to the said lands.

WITNESS our hands and seals on this 5th day of August, 2021.

_Tommy C Baser_
TOMMY C. BASER

_Terri J. Baser_
TERRI J. BASER

## ACKNOWLEDGMENT

STATE OF ARKANSAS }
} ss.
COUNTY OF CLEBURNE }

On this day, personally appeared before me TOMMY C. BASER AND TERRI J. BASER known to me to be the persons whose names are subscribed to the within instrument and acknowledged that they executed the same for the consideration and purposes therein contained.
WITNESS my hand and official seal this 5th day of August, 2021.

_Aneatha E. Hill_
NOTARY PUBLIC

My Commission Expires:

ANEATHA E. HILL
MY COMMISSION # 12383288
EXPIRES: July 28, 2031
Cleburne County

(S E A L)

Completed by: General Land & Title Services, 107 South 3rd Street, Heber Springs, AR 72543
Form approved by: Melanie Beltran, Attorney-at-Law



**STATE OF ARKANSAS**
**DEPARTMENT OF FINANCE AND ADMINISTRATION**
**MISCELLANEOUS TAX SECTION**
**P.O. BOX 896, LITTLE ROCK, AR 72203-0896**

# Real Estate Transfer Tax Stamp
Proof of Tax Paid



File Number: C21655

**Grantee:**
**Mailing Address:**
M/M LOGAN RIFFENBURG
390 HAYWOOD LANE
MOUNTAIN VIEW AR 725600000

**Grantor:**
**Mailing Address:**
M/M TOMMY C. BASER
4 STECKER ROAD
HEBER SPRINGS AR 725430000

**Property Purchase Price:** $187,900.00
**Tax Amount:** $620.40

**County:** STONE
**Date Issued:** 08/05/2021
**Stamp ID:** 160589824

I certify under penalty of false swearing that documentary stamps or a documentary symbol in the legally correct amount has been placed on this instrument

Grantee or Agent Name (printed): Areatha E. Hill
Grantee or Agent Name (signature): Areatha E. Hill    Date: 8-5-21
Address: GENERAL LAND & TITLE SERVICES
         107 SOUTH THIRD STREET
City/State/Zip: HEBER SPRINGS, AR 72543

Book 203 Page 170

ELECTRONICALLY FILED
Stone County Circuit Court
Angie Hudspeth Wade, Circuit Clerk
2022-Jun-23 14:54:06
69DR-22-50
C16D02 : 7 Pages



IN THE CIRCUIT COURT OF STONE COUNTY, ARKANSAS
DOMESTIC RELATIONS DIVISION

VANESSA G. RIFFENBURG,

    Plaintiff,

vs.                                 CASE NO. 69DR-22-50

LOGAN R. RIFFENBURG,

    Defendant.

_____/

DECREE OF ABSOLUTE DIVORCE

On this day came on for hearing the Complaint of the Plaintiff for an absolute divorce. Plaintiff and her Witness having filed depositions and Defendant having waived his appearance in the manner and for the time required by law having executed a waiver. Now from the pleadings filed herein, the depositions of Plaintiff and witness and other matters of proof, the Court, being well and sufficiently advised in all matters of law and fact arising herein, finds:

    1.     This Court has jurisdiction over the persons and subject matter of this action, and venue is proper in this county. The Plaintiff is in full compliance with the provisions of Ark. Code Ann. " 9-12-301, *et. seq.* with respect to residence, time, service of process, and other conditions required for entry of a decree of divorce.

2. The matters stated in the Plaintiff's Complaint have been established by her testimony, and she is entitled to an absolute divorce from the Defendant on the grounds stated therein. The Defendant has waived in writing corroboration of the Plaintiff's grounds for divorce.

3. There is one minor child of the parties: A. L. R., born in September 2004.

4. The minor child has completed high school and will be eighteen years old in September 2022. The child is in the process of moving from the residence of the parents and moving in with her older adult sister. As the child will be eighteen in approximately 10 weeks and will not be residing in either of the parents home, no child support is required at this time.

5. The parties have entered into a settlement agreement which forever settles the respective rights and claims of each party in and to property and other matters, which the Court finds to be fair and equitable and should be approved and confirmed, said agreement being:

SETTLEMENT AGREEMENT

THIS SETTLEMENT AGREEMENT is entered into by and between Logan R. Riffenburg (hereinafter "Husband"), and Vanessa G. Riffenburg (hereinafter "Wife").

WHEREAS, the parties were lawfully married on April 4, 1997; and

WHEREAS, the parties have been separated and apart since March 1, 2022, and

WHEREAS, there is one minor child born to the parties, to wit: A. L. R., born in September 2004.

WHEREAS, Wife has filed a complaint for divorce in the Circuit Court of Stone County, Arkansas, and

WHEREAS, the parties now desire to fully and completely settle between them all of their rights and obligations with respect to their property and financial affairs;

NOW, THEREFORE, in consideration of these premises and of the mutual covenants and undertakings herein contained, and for other good and valuable consideration, but not in collusion for divorce, the parties hereby agree as follows:

1. INCORPORATION. By the terms of the Decree of Divorce entered in this Court, this Agreement will be incorporated, but not merged, into said Decree.

2. REAL PROPERTY. The parties are owners of real property located at 390 Haywood Lane, Mountain View, Arkansas. The real property shall become the sole property of Claudia L. Riffenburg.

3. PERSONAL PROPERTY.

(a) Personal effects, such as, but not limited to, clothing, jewelry, luggage, sports equipment, hobby collections and books, including furniture or any other property, personal or otherwise, not specifically disposed of pursuant to this Property Settlement Agreement, shall become the sole property of that party who has the principal use of, or to whom the property was given, or for whom it was purchased, and each party hereby surrenders any interest he or she may have in any such tangible property of the other.

(b) Henceforth, personal property which has been allocated to either Husband or Wife by this Agreement, or which either of them shall separately acquire subsequent to this Property Settlement Agreement, shall become the separate property of that party, and he or she shall own and have full power to dispose of such property free from any claim of the other party.

( c) The Wife shall become the sole owner of the following personal property: Hyundai automobile and all food processing equipment and jars.

(d) The Husband shall become the sole owner of the following personal property: Chevrolet and Honda automobiles. The parties agree that the Honda automobile ownership will be transferred to their daughter upon her obtaining legal age.

4. DEBTS.

(a) Each party shall be solely responsible for any debt which is in their name only and shall hold the other party harmless thereon.

(b) Each party shall pay all debts incurred by him or her after the date of this Property Settlement Agreement and shall indemnify the other against liability therefor.

( c) The Husband shall be responsible for the tax debts due to the State of California and the United States and shall hold the Wife harmless thereof.

5. CHILD CUSTODY, SUPPORT AND VISITATION. The Wife and Husband shall have True Joint Custody of the child who will be eighteen years of age in September 2022 and has finished high school. It is the daughter's intention to move in with her sister the summer of 2022. The parties agree that there is no need for child support for limited time that the daughter will be living with one of them. The child will continue on the Wife's insurance until she becomes eighteen years old.

6. SHARED PARENTING - The parties shall jointly share the parental responsibilities and privileges arising from the care of the minor children and each party shall keep the other informed of the children's health, education, and activities and should consult with the other party concerning same. If the parties are not in agreement regarding an issue concerning a child, the primary

physical custodian's decision regarding the issue shall be determinative. The party having physical care of the children shall notify the other party promptly if the minor children becomes ill and immediately if the illness is severe enough to require hospitalization. Each party is entitled to reasonable telephone contact with the minor children. The party having physical care of the children shall either FURNISH OR AUTHORIZE the proper authorities to furnish to the other party, at their request, copies of the children's report cards, the school calendar, dates of PTO meetings, dates of parent teacher conferences, dates of open house at the children's school, names of the children's teacher(s), the children's class schedule, a schedule of all events and/or activities, including church, the children are involved in, the names, addresses and telephone numbers of the health care providers, including but not limited to, physician, dentist, orthodontist, and/or eye doctor who are treating the children and advise the other party of any major medical, dental or optical problems the children might be experiencing. Each party shall be entitled to view and obtain copies of the children's medical, dental, and school records and discuss the children's welfare, health and activities with any health care provider, teacher, counselor, etc. by presentation of a copy of this order to the appropriate record keeper, and if necessary, shall reasonably assist the other with same. Further, both parties will take whatever steps are necessary to ensure that the HIPPA (Health Insurance Portability and Accountability Act) and FERPA (Family Educational Rights and Privacy Act) regulations do not prohibit the other party from receiving such medical or educational information and will sign a waiver form if requested by the entity providing the information to the other party. Each party's name shall be on all documents for access to the children's records. THIS AGREEMENT SPECIFICALLY GRANTS EACH PARTY THE RIGHT TO ALL INFORMATION CONCERNING THEIR CHILDREN REGARDLESS OF ANY STATE, FEDERAL OR BUSINESS PRIVACY POLICY.

7. ALIMONY. The parties agree to waive all payments known as spousal support or alimony, for himself or herself from the other party and any interest they may have in the other parties retirement plans, if any.

8. FULL DISCLOSURE. Each party represents and warrants that he or she has made a full disclosure of all of his or her property and that neither has knowledge of any other property of any kind in which the party so representing has any interest.

9. SEVERABILITY. It is specifically agreed by the parties that the terms and provisions of this Agreement are contractual in nature. If any provision of this Agreement should be invalid, it is the intention of the parties that all of the remaining provisions hereof will continue to be in full force and effect.

10. INSTRUMENTS. Each of the parties, from time to time, at the request of the other, shall execute, acknowledge and deliver to the other any and all further instruments and take such steps as may be reasonably required to give full force and effect to the provisions of this Agreement.

11. CONSTRUCTION. This Agreement will be construed in all respects in accordance with

the laws of the State of Arkansas.

12. CORROBORATION. Husband hereby waives the necessity of Wife presenting corroborating evidence of her grounds for divorce. Husband consents for Wife to take an uncontested absolute divorce, and he waives notice of final hearing on her complaint.

13. ATTORNEYS FEES AND COSTS. Each of the parties shall bear the expense of his or her own attorney's fees and costs of this action.

_____/s/_____

Vanessa Riffenburg

_____/s/_____

Logan Riffenburg

IT IS THEREFORE ORDERED, ADJUDGED and DECREED that the bonds of matrimony heretofore existing between the Plaintiff Vanessa G. Riffenburg and Defendant Logan R. Riffenburg are hereby dissolved and Plaintiff is hereby granted a divorce, *a vinculo matrimonii*, from Defendant and that the parties be restored to all the rights and privileges of a single and unmarried person.

IT IS FURTHER ORDERED that the Settlement Agreement referenced above is incorporated by reference herein and is adopted by this Court, and the parties are ordered to abide by the terms of said Settlement Agreement.

IT IS FURTHER ORDERED that each party be restored to all property not disposed of at the commencement of this action or herein which either party obtained from or through the other during the marriage or by reason thereof, and that each party retain as his or her separate property all property owned

individually prior to the marriage.

Electronically signed by

HONORABLE DON McSPADDEN
Circuit Court Judge



**Case Title:** VANESSA RIFFENBURG VS LOGAN RIFFENBURG

**Case Number:** 69DR-22-50

**Type:** DECREE OF DIVORCE

So Ordered



Electronically signed on 2022-06-23 14:54:04   page 7 of 7