IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

Re: Billy Joe Roper, Jr. and　　　　　　　　　　　　　　　　Case No. 4:23-bk-10768T
Vanessa Gabrielle Roper, Debtors　　　　　　　　　　　　　　　　　Chapter 7

## MOTION TO APPROVE SALE OF ESTATE'S ONE-HALF INTEREST IN REAL PROPERTY, FREE AND CLEAR OF LIENS AND CLAIMS

Comes now M. Randy Rice, chapter 7 trustee of the above estate (hereafter referred to as "Trustee or the trustee"), and for his Motion to sell the Bankruptcy Estate's one-half (½) interest in real property to Blue Sun Capital LLC and/or assignees, free and clear of all liens and claims. In support of this Motion, the Trustee states and alleges as follows:

1. The Debtors filed a voluntary chapter 7 petition under Title 11 in the United States Bankruptcy Code on March 16, 2023. M. Randy Rice was appointed chapter 7 trustee on or about that same date.

2. At the time that this bankruptcy was filed, the joint debtor Vanessa Roper was the owner of a one-half (½) interest in a mobile home and an eighty (80) acre tract of real property located in Stone County, Arkansas. The legal description and physical address of the real property are as follows:

> NE l/4 NE l/4; Section 23, Township 13 North, Range 9 West and SE l/4 SE l/4; Section 14, Township 13 North, Range 9 West, Stone County, Arkansas.
>
> MINERAL CONVEYANCE: Notwithstanding anything contained herein to the contrary, Grantor makes no warranties or representations whatsoever regarding any mineral rights associated with the Property. To the extent Grantor owns any mineral rights associated with the Property, the same are conveyed to Grantee by quitclaim and without any warranty of title. The Property is expressly subject to any prior or existing mineral rights or reservations owned or enjoyed by third parties.
>
> Also known as 390 Haywood Lane, Mountain View, AR 72560

3. The remaining one-half interest in the real property is owned by Logan Riffenburg, ex husband of the joint debtor, Vanessa Roper.

4. On or about March 18, 2025, the Trustee accepted an offer, subject to the approval of this Court, to sell and transfer all of the estate's interest in the real property described above to Blue Sun Capital LLC and/or assignees (hereafter referred to as "Blue Sun"). Attached and labeled as "Exhibit A" is a copy of the Agreement which contains the terms and conditions agreed to between the parties.

5. The Trustee proposes to sell the estate's one-half (½) interest in the real property described above in accordance with the terms and conditions contained in the attached Agreement. The pertinent provisions of the Agreement are outlined below.

6. The Trustee proposes to sell all of the estate's one-half (½) interest in the real property described above for the sum of $40,000.00 payable by Blue Sun as follows: $4,000.00 in earnest money with the remaining balance of $36,000.00 payable at closing. The terms and conditions governing the payment of the purchase price are contained in Section 4 of the attached Agreement. On or about March 25, 2025, Blue Sun tendered the earnest money to the Trustee, and the Trustee subsequently deposited the earnest money into the trust account of this bankruptcy estate.

7. The Trustee asserts that the proposed sale of one-half (½) interest in the real property described above, free and clear of all liens and claims is allowable pursuant to 11 U. S. C. § 363(h). Furthermore, the sale proposed herein is reasonable and necessary for the effective administration of this estate.

8. The Trustee asserts that he has attempted to sell the estate's one-half (½) interest in the real property described above to Logan Riffenburg, owner of the remaining one-half (½) interest in the real property. However, the trustee has been unable to obtain a suitable price for the interest.

9. Other than the current offer made by Blue Sun, the highest offer received by the Trustee to purchase the one-half (½) interest in the real property described above is $15,000.00.

WHEREFORE, the Trustee prays that this Court approves the sale of the estate's one-half (½) interest in the real property described above, free and clear of all liens and claims in accordance with the terms of the attached Agreement and for all other appropriate relief which the estate may be entitled.

DATE     March 26, 2025

Respect fully Submitted:
M. Randy Rice, Trustee

By:     /s/ M. Randy Rice, Attorney
124 W. Capitol, # 1850
Little Rock, AR 72201
randyrice2@comcast.net
(501) 374-1019

## ASSET PURCHASE AGREEMENT 

EXHIBIT A

THIS ASSET PURCHASE AGREEMENT (the "Agreement") is executed as of the 18th day of March, 2025, by and among M. Randy Rice, Chapter 7 Trustee (the "Trustee") of the Bankruptcy Estate of Billy Joe Roper and Vanessa Roper, ("Debtors"), presently pending in the United States Bankruptcy Court for the Eastern District of Arkansas, Little Rock Division (the "Bankruptcy Court"), Case No. 4:23-bk-10768 (the "Bankruptcy Case"), and Blue Sun Capital LLC and/or assignees, (the "Buyer"). Each of the parties to this Agreement may be referred to herein as a "Party" or collectively as "Parties."

## RECITALS

A. Debtors filed the Bankruptcy Case on March 16, 2023, (the "Petition Date"). M. Randy Rice was appointed chapter 7 trustee on or about that same date.

B. As of the Petition Date, the Joint Debtor, Vanessa Roper, owned a one-half (½) interest in the real property described below and a one-half interest in a mobile home that is permanently affixed to the real property described below:

NE 1/4 NE 1/4; Section 23, Township 13 North, Range 9 West and SE 1/4 SE 1/4; Section 14, Township 13 North, Range 9 West, Stone County, Arkansas.

MINERAL CONVEYANCE: Notwithstanding anything contained herein to the contrary, no warranties or representations whatsoever are made regarding any mineral rights associated with the Property. To the extent estate owns any mineral rights associated with the Property, the same will be conveyed to Buyer by quitclaim and without any warranty of title. The Property is expressly subject to any prior or existing mineral rights or reservations owned or enjoyed by third parties.

C. The one-half (½) interest in the real property described above is now an asset of this bankruptcy estate.

D. Blue Sun Capital LLC and/or assignees is a limited liability corporation whose main office is located in the State of Florida.

E. The Trustee desires to sell and assign to Buyer, and Buyer desires to purchase and assume from the Trustee, on the terms and subject to the conditions contained in this Agreement, pursuant to Sections 363 and 365 of the Bankruptcy Code, and subject to the approval of the Bankruptcy Court, the estate's one-half (1/2) interest in the real property described above (the "Asset").

NOW THEREFORE, in consideration of the foregoing and the terms set forth in this Agreement, the Parties agree as follows:

## AGREEMENT

1. <u>Bankruptcy Court Approval</u>. This Agreement, and all terms and conditions contained therein, is subject to and conditioned upon the approval of the Bankruptcy Court and the entry of a final non-appealable Order approving this Agreement and the purchase described therein.

2. <u>Asset to be Purchased</u>. Upon the terms and subject to the conditions set forth in this Agreement, at the Closing, the Trustee shall sell, convey, assign and transfer to the Buyer, and the Buyer shall purchase and acquire from the Trustee, the Asset more particularly described in the above Paragraph B of this Agreement.

3. <u>Purchase Price</u>. The consideration for the Asset is $40,000.00 (the "Purchase Price").

4. <u>Payment of Purchase Price</u>. The Buyer shall tender the consideration for the Asset to the Trustee as follows:

   a. <u>Earnest Money</u>. The Buyer shall pay $4,000.00 (the "Earnest Money") to the Trustee within three (3) business days after the execution of this Agreement. The Earnest Money shall be applied against the purchase price to be paid at closing. If the Trustee is unable to obtain the approval of the sale by the Bankruptcy Court or this agreement does not close for any reason other than the fault of the buyer, the Trustee shall refund the Earnest Money, in full, without interest. If after acceptance, Buyer fails to fulfill his obligations, all funds paid by the buyer shall become liquidated damages, which fact shall not preclude the Trustee from asserting other legal rights which the bankruptcy estate may have because of such breach. Furthermore, the parties agree that if the Buyer fails to fulfill all obligations after acceptance by the Trustee, all funds shall be retained by the Trustee on behalf of the estate.

   b. <u>Balance</u>. At closing, the Buyer shall remit the remaining balance of the purchase price ($36,000.00) to the Trustee.

5. <u>Right to Bid Further</u> The Buyer acknowledges that in the event that the trustee receives a third party offer to purchase the asset, the Trustee is required to confer with the third party for the purpose of determining whether to accept such third party offer. The parties agree that the trustee shall not accept any bid or offer under $46,000.00 to purchase the estate's interest in the asset. Further, the parties agree that Buyer will be granted the opportunity to bid against any party that offers $46,000.00 or more for the asset, with the understanding that the asset will be sold to Buyer if it is the highest bidder.

6. <u>Due Diligence.</u> Buyer is aware of the fact that Logan Riffenberg owns one-half (½) interest in the real property described above. Buyer has done its due diligence and is not relying upon any statements made by the trustee during the negotiations of this agreement.

7. <u>Closing</u>. Unless this Agreement shall have been terminated pursuant to the terms thereof, the closing of the transactions contemplated herein (the "Closing") shall take place no later

2

than thirty (30) days following the day on which all conditions precedent contained herein have been satisfied or on such other later date as the Parties mutually agree. The Closing shall be held at the office of Rice & Associates, 124 West Capitol, Suite 1850, Little Rock, AR 72201, or at such place as the Parties mutually agree.

    a.    <u>Deliveries by Trustee</u>. At the Closing, the Trustee shall deliver to Buyer a Trustee Deed conveying to Buyer one-half (½) interest in the real property described above, free and clear of all liens and claims with the exception of the one-half (½) interest owned by Logan Riffenberg.

    b.    <u>Deliveries by Buyer</u>. At the Closing, the Buyer shall deliver to the Trustee the following: (i) the remaining balance of the Purchase Price and (ii) such customary instruments of transfer and assumption, if any, reasonably necessary to give effect to this Agreement.

8.    <u>Representation and Warranties</u>. The Trustee represents and warrants to the Buyer and the Buyer represents and warrants to the trustee as follows:

    a.    <u>Representations and Warranties of the Trustee</u>. The Trustee represents and warrants to Buyer as follows: Subject to the applicable provisions of the Bankruptcy Code and the approval of this Agreement by the Bankruptcy Court, (i) the Trustee has the requisite power and authority to execute this Agreement and to consummate the transactions contemplated therein, and (ii) this Agreement represents the legal, valid and binding obligation of the Trustee and is enforceable against the asset in accordance with the terms therein.

    b.    <u>Representations and Warranties of the Buyer</u>. The Buyer represents and warrants to the Trustee as follows: (i) Buyer has the requisite power and authority to execute this Agreement and to consummate the transactions contemplated therein; (ii) this Agreement represents the legal, valid and binding obligation of the Buyer and is enforceable against the Buyer in accordance with the terms therein; (iii) the Buyer has sufficient funds available to consummate this transaction; and (iv) the Buyer has relied on its own independent investigation and analysis of the Asset and has not relied on any information as to value provided by the Trustee.

    c.    <u>Warranties Exclusive</u>. The estate's interest in this real property is sold on an "as is where is" basis with no warranty extended. Any and all other representations and warranties–whether express or implied, written or oral–are hereby disclaimed.

9.    <u>Free and Clear</u>. The Buyer shall acquire one-half (1/2) interest the Asset free and clear of all liens and claims. Buyer realizes and recognizes that Logan Riffenberg owns one-half (½) interest in the real property described above.

3

10. **Submission to Bankruptcy Court.** Within thirty (30) days after the date of acceptance, Trustee shall file with the Bankruptcy Court this Agreement and such pleadings and notices as may be necessary in connection with obtaining approval of the transactions contemplated herein.

11. **Buyer as Back-Up Bidder.** Buyer acknowledges that the Trustee has the duty to accept a higher offer ("Competing Transaction") for the purchase of the Asset if doing so would be in the best interest of the Bankruptcy Case. If a Competing Transaction is approved by the Bankruptcy Court, and if the Buyer's offer is the second best offer, then Buyer shall be treated as the "back up bidder" such that in the event that the Competing Transaction is not consummated, then Trustee shall sell to Buyer the Asset according to the terms and at the price offered by Buyer in this Agreement. The pleadings and notices filed with the Bankruptcy Court shall contain such language as is necessary to effectuate this section of the Agreement without further orders of the Bankruptcy Court.

12. **Sale Order.** Trustee shall obtain the entry by the Bankruptcy Court of an Order approving and authorizing the sale, transfer and assignment contemplated herein and directing the consummation of the same.

13. **Break-Up Fee.** If the Trustee enters into and consummates a Competing Transaction and the buyer is not the successful purchaser, then Trustee shall pay Buyer a fee equal to ten percent (10.0%) of the purchase price of the asset (collectively the "Break-Up Fee"). The Trustee's obligation to pay the Break-Up Fee to the Buyer is subject to the following terms and conditions:

   a. The payment of the Break-Up Fee is expressly conditioned upon the entry by the Bankruptcy Court of an Order approving this Agreement.

   b. The Break-Up Fee shall be payable ONLY from the proceeds realized from the consummation of the Competing Transaction. Further, the Break-Up Fee shall be paid within thirty (30) days after the Trustee has closed on the Competing Transaction.

   c. The payment of the Break-Up Fee shall be considered an administrative expense under Section §507(a)(2) of the Bankruptcy Code.

   d. The break-up fee described herein induced Buyer to submit its offer to purchase the Asset. The fee further serves as inducement for Buyer to preserve its offer and to further bid for the asset, if necessary to purchase the same. Thus, the break-up fee provision of this agreement is a material condition of the Buyer to this agreement with the trustee. The parties further agree that the trustee shall make reasonable effort to seek and obtain court approval of the break-up fee if the estate's interest sells for $46,000.00 or more.

14. All Taxes and Closing Costs associated with this sale shall be paid by the Buyer.

15. If the Buyer desires to obtain Title insurance, it will be at the Buyer's expense.

16. <u>Entirety</u>. This Agreement, including all attachments hereto, represents the entire agreement between the Parties.

IN WITNESS WHEREOF, the Parties hereto have caused this Agreement to be executed as of the day and year above written.

Bankruptcy Estate of Billy Joe Roper and Vanessa Roper

By: *Randy Rice, Trustee 03/18/25*
    M. Randy Rice, Trustee    Date

Blue Sun Capital LLC and/or assignees

By: _____ 3-18-25
    John A. Palumbo    Date
    Its:    Manager

5